Filed 10/29/24  P. v. Reyes CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D084072 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCS307574) |
| CARMELO REYES, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Laura H. Parsky, Judge.  Dismissed

John L. Staley, under appointment by the Court of Appeal for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

MEMORANDUM OPINION

Carmelo Reyes appeals from a judgment extending for one year his civil commitment as an offender with a mental health disorder (OMD) under the Mentally Disordered Offender Act (MDOA).  (Pen. Code, § 2960 et seq.)  On appeal, Reyes's appointed counsel raises one arguable issue for our review and asks us to independently review the record for reversible error under *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967)

386 U.S. 738.  We agree with the reasoning and holding in *People v. Taylor* (2008) 160 Cal.App.4th 304, however, that the procedures set forth in *Wende* and *Anders* for criminal defendants do not apply to an extension of a civil commitment under the MDOA.  We thus dismiss the appeal.

I.

In 2019 Carmelo Reyes pleaded guilty to committing an assault with a deadly weapon using rocks.  (Pen. Code, § 245, subd. (a)(1).)  The court granted him formal probation and released him to a program that would provide short-term housing and services with an expectation that he would follow the rules of the program including counseling and testing.

The court revoked his probation in 2021 after finding several probation violations.  The court sentenced him to four years in state prison.

Reyes was initially placed in the general population in state prison, but required a higher level of care for intensive mental health care.  In May 2022, he was admitted to Atascadero State Hospital on parole pursuant to Penal Code section 2962 as an offender with a mental disorder.

In January 2024, the People petitioned the court to continue involuntary treatment for another year contending Reyes still suffers from a severe mental disorder which cannot be kept in remission without treatment, and that he poses a substantial danger of physical harm to others by reason of his mental disorder.

Reyes denied the petition and requested a jury trial.  The court appointed two doctors to evaluate whether Reyes met the criteria for recommitment and outpatient treatment.

At trial, the jury heard a stipulated account of the history of Reyes's current offense as well as Reyes's prior criminal history including battery, stalking and harassment after service of a restraining order, possession of a

2

controlled substance, making threats to public officers and resisting an officer.

The People presented testimony from five witnesses, including three doctors from Atascadero State Hospital and two court-appointed psychologists who independently evaluated Reyes.

Seth Cohen, Reyes's treating psychiatrist at Atascadero State Hospital, testified that Reyes has schizophrenia and was experiencing delusions and hallucinations when he was admitted to the hospital. Reyes receives antipsychotic medications and a mood stabilizer under an involuntary medication order. Without medication, Reyes has experienced delusions, agitation and violence, and disorganization of his thought process. With medication, Reyes's symptoms are controlled; he does not verbalize delusions and has not been violent.

Reyes's participation in group sessions is minimal. Dr. Cohen commented that Reyes often sits or snoozes in the room where group sessions occur, so sometimes the groups come to him rather than him actively attending. Reyes lacks insight into his mental illness. He denies he has a mental illness, says he never had symptoms, and does not believe he benefits from taking medications. Dr. Cohen opined that Reyes would not take his psychotropic medication without an involuntary medication order. If he did not take them, his symptoms would return, and he would likely become violent. Dr. Cohen believes Reyes is dangerous and his risk of violence is significant.

Jacquelyn Norris, Reyes's treating psychologist at Atascadero, testified he has a low risk of violence while he is in the institution. But she also believes he has poor insight about his mental illness. His participation in group therapy sessions aimed at improving insight is also poor. He attends

only 50 to 62 percent of group sessions. They like to see 80 percent attendance. Reyes may listen to group sessions, but he only responds briefly to direct questions. Dr. Norris observed recent symptoms of schizophrenia in Reyes such as potentially responding to internal stimuli and being internally distracted.

Rebecca Aponte, a forensic psychologist at Atascadero, interviewed and evaluated Reyes several times, including extensively evaluating his background. Reyes's condition of schizophrenia qualifies as a severe mental health disorder that substantially impairs his thought process, perception of reality, judgment or behavior as defined in section 2962. Based on Reyes's description of the underlying offense, which appeared delusional, Dr. Aponte opined Reyes was suffering the effects of schizophrenia when he committed the underlying offense. Dr. Aponte believes Reyes's condition is in remission, but schizophrenia is a chronic condition that does not go away. He cannot be kept in remission without continued treatment because he would not take medication without an involuntary medication order. Dr. Aponte opined Reyes represents a substantial risk of physical harm to others because of his severe mental health disorder. Outside the presence of the jury, Dr. Aponte testified she did not believe Reyes could be safely and effectively treated in the community based on his treatment noncompliance and the required use of an involuntary medication order.

Court-appointed psychologist Nicole Friedman evaluated Reyes and testified he met the criteria to extend his commitment at the state hospital. Dr. Friedman did not believe he could be kept in remission without continued treatment because he lacks insight and is on an involuntary medication order. He needs medication to keep his symptoms in remission. If he was not medicated, his symptoms of schizophrenia would return, including delusions

4

and impulsivity which could alter his perception of reality, and his aggression would likely return. Dr. Friedman opined that Reyes presents a substantial danger of physical harm to others.

Court-appointed psychologist Stacey Berardino also evaluated Reyes. She does not believe his schizophrenia is in remission because she observed a psychotic stare during their interview, there are reports of him responding to internal stimuli, and he experiences anosognosia, meaning he is unaware of his mental illness, which is a "neurocognitive symptom." Some of his overt symptoms are controlled with medication, like the severity of delusions and auditory hallucinations. Even assuming he is in remission, she opined he could not be kept in remission without continued treatment. She testified Reyes poses a substantial danger of physical harm to others based on his history of violence when he is not on medication and is symptomatic. She does not believe he would take medication if he was released.

Reyes did not testify and presented no affirmative evidence.

The jury found true the allegation that Reyes is an offender with a mental health disorder under Penal Code sections 2970 and 2972.

The court considered and denied Reyes's request for outpatient treatment at a separate hearing. The court concluded there was insufficient evidence that Reyes could be safely and effectively treated on an outpatient basis.

The court extended Reyes's commitment until May 8, 2025. Reyes appealed.

## II.

We appointed counsel to represent Reyes on appeal. His counsel filed a brief summarizing the facts and proceedings below and identified one issue for review: "Whether the trial court erred by denying appellant's request for

transfer to the conditional release program[.]" Counsel also argues we should independently review the record on appeal for reversible error under *Wende/Anders*. Reyes was provided a copy of counsel's brief and informed of his right to file a supplemental brief. He has not done so.

The Supreme Court has held that the *Anders/Wende* independent review procedures do not apply to civil commitments under the Lanterman-Petris-Short Act (Welf. & Inst. Code, § 5000 et seq.). (*Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 539.) The Second District in *Taylor* concluded the *Wende/Anders* procedures likewise do not apply to OMD commitment cases. (*Taylor, supra*, 160 Cal.App.4th at p. 308.) Reyes's counsel does not cite either *Ben C.* or *Taylor*.

In *Taylor*, the court discussed *Ben C.* and other relevant cases to conclude that the *Anders/Wende* review procedures do not apply to postconviction commitments under the MDOA. (*Taylor, supra*, 160 Cal.App.4th at p. 312.) *Taylor* reasoned that *Wende/Anders* review is only required for appointed counsel's representation of an indigent defendant in a criminal case, and we are bound by the Supreme Court's characterization of the MDOA as a " 'civil commitment scheme.' " (*Ibid.*) In rendering its decision, *Taylor* commented that the Rules of Court ensure sufficient advocacy on appeal for individuals committed under the MDOA, and due process does not require the extension of *Anders/Wende* to appeals from OMD commitment orders. (*Id.* at p. 313.) Accordingly, *Taylor* dismissed the appeal without conducting an independent review of the record. (*Ibid.*)

We agree with *Taylor*'s reasoning and apply it to this appeal. We decline to exercise our *Ben C.* discretion to conduct an independent review of the record in this case under *Anders/Wende* or otherwise. (See *Taylor, supra*, 160 Cal.App.4th at p. 313.) Thus, we dismiss the appeal.

6

### III.

The appeal is dismissed.

KELETY, J.

WE CONCUR:


O'ROURKE, Acting P. J.


BUCHANAN, J.